Ashburn, J\
Unable to agree with the majority of the court, I respectfully offer my reasons for dissenting.
*166 The majority of the court hold that, under the material issues involved in this ease, the settlement of the guardian in the probate court is in no way involved.
In my opinion, on the issue made in the case by the answer and reply, the guardian’s account and settlement are directly and necessarily involved, and that the judgment of the probate court is final between the guardian and ward, unless attacked in the probate court for fraud or manifest mistake in the settlement by petition under the code of civil procedure within two years after the ward arrives at full age. Let us examine the pleadings for the issues.
The demurrer to the petition was properly overruled, considering the allegations in the petition. Had nothing more appeared in the case, the action of the court would meet my approval. But more does appear in the case, as-it comes to us upon the record.
Defendant in his amended answer avers:
“ Amended answer. Now comes the said Francis Lindsay, defendant, and for his amended answer to the petition of the said Mary A. Lindsay, plaintiff, says for his first defense that this court ought not to take further cognizance of or sustain this action for the reason that the same relates to, involves and affects the settlement of his final account as the late guardian of the plaintiff in the probate court of said county, and proposes to open and review the same in-whole or in part. Defense 2d. And defendant for a further defense says that on the 6th day of April, 1867, he filed in the probate court of Harrison county, Ohio, his first and final account as guardian of the said plaintiff, preparatory to a final settlement of his said guardianship, with said court, and which said account so filed as aforesaid was-afterward, to-wit, on the 6th day of July, 1867, upon due consideration and examination, approved and passed by the judgment and order of said probate court, and which said judgment and order is still in full force and effect in law — a duly certified copy of which account, wfith the proper vouchers, charges and credits therein, the date of *167 filing the same and the order and judgment of said probate court approving and passing said account and settlement, is hereto attached and made a part of said answer, and marked A.”
Which is as follows:
“Said guardian charges himself with the following sums of money received on account of his said ward, that is to say:
Dec. 20, 1854. Received of heirs of her mother’s estate..................$165 27
Int. on same 12 yrs. 4 mo. comp’d biennial.............. 161 62
April 1, 1865. Received of John Bethel, adm’r of Sami. Cecil, dec’d. 350 00
Interest on same 2 yrs......................................... 42 00
Peb. 3, 1866. Rec’d of John Bethel, adm’r of Sami. Cecil, dec’d...... 74 30
Int. on same 1 yr. and 2 mo.................................. 6 20
Total amount received...................................$798 39
“ Said guardian asks credits for the following sums of money by him paid out on account of said ward, to-wit:
COSTS OP GUARDIANSHIP.
Oct. 31, 1854. Paid Judge Viers, court fees................................. $ 2 02
Interest on same................................................. 1 45
3 47
Guardian’s per cent, on $798.39............................. 47 90
A. C. Turner, preparing papers & drawing this acc’t. 2 00
A. Lemmon, judge, fees, etc.................................. 2 83
Printer’s fees for notice of this account................... 1 00
Stamp on this account.......................................... 15
$53 78
PAID BOARDING AND SCHOOLING OP WARD.
April 1,1867. Paid P. Lindsay, boarding, clothing, etc., ward 6 yrs. $450 00
PAID WARD ON DISTRIBUTION.
“ “ “ Paid Mary A. Lindsay in full...............................$291 14
Total paid out.............................................$798 39
“ The State of Ohio, Harrison county, ss. I, Francis Lindsay, guardian of Mary A. Lindsay, being duly sworn, say that the statements made in the foregoing account are true, and that the same contains a true and correct account of my guardianship, as I verily believe.
“Francis Lindsay.
“ Sworn to and subscribed before me, this 6th day of April, 1867. Amon Lemmon, Probate Judge.
*168 “Account approved and passed July 6, 1867. Journal B, p. 243.
“ Voucher No. 1. October 31, 1854. Mary A. Lindsay to Francis Lindsay, her guardian, Dr. To six years’ boarding, clothing, washing, and schooling, from October 31, 1854, to October, 1860, at $75 per year — $450.
“ Received April 1, a. d. 1867, of Francis Lindsay, my late guardian, the sum of four hundred and fifty dollars, the amount of the above bill in full.
“Mary A. Lindsay.
“ Voucher No. 2. Received April 1, 1867, of Francis Lindsay, my late guardian, the sum of two hundred and ninety-one dollars and fourteen cents, balance due in full on the settlement of his account. “Mary A. Lindsay.
“ Probate court, Harrison county, Ohio, July 6, a. d. 1867. The said account having been filed in this court on the 6th day of April, 1867, for settlement, and due notice thereof having been given according to law, and the court having fully examined said account and vouchers, and there being no objection to the same, the said account and vouchers are approved and passed by the court; and the court find no balance in the hands of said guardian for distribution.
“Amon Lemmon, Probate Judge.”
To this answer plaintiff replied, and, as a second ground of reply, said:
“Second. Said plaintiff, further replying to the answer of said defendant, says that the said defendant ought not to be allowed to plead said alleged settlement in the probate court in bar of this action, because, as she avers, it was not intended by the parties that it should be a release of his responsibility to pay the amount named in the petition; that said account was passed in the probate court on the evidence only of said vouchers, which were obtained from said plaintiff by the misrepresentations of said defendant, and while she, the said plaintiff, was yet a minor, and under the control of said defendant; that said plaintiff was prevented from excepting to the passage of said account in the *169 probate court at the time, and for more than two years thereafter, by the misrepresentations and concealments of said defendant, and by his repeated promises to pay said sum — wherefore said plaintiff says she ought not now to be barred of her right to recover in the court the amount of money so remaining due her.”
This second ground was demurred to by defendant for the following reasons, and demurrer overruled:
“ 1. That this court has not jurisdiction to try the matters therein alleged. 2. That the same does not contain facts sufficient to constitute a good and valid reply in law to the amended answer of said defendant.”
By replying to the answer the plaintiff recognized the answer as constituting a valid defense, and the court, in overruling the demurrer to the reply without pronouncing the answer bad, must have considered the issue as made on the answer and reply sufficient in fact and in law. Upon the issue thus made the case went to trial. "What was the issue ? In the answer the defendant alleged he had fully and finally settled his trust, as guardian of the plaintiff* in the probate court. The plaintiff* replied in substance that the settlement was not binding upon her because the vouchers then filed had been obtained from her while she was a minor, by misrepresentation, and that plaintiff was prevented from excepting to the passage of said account in the probate court at the time, and for more than two years thereafter, by the misrepresentations and concealments of the defendant.
As I understand the issue made by the answer and reply, it was : whether there was fraud in the settlement and misrepresentation in obtaining the vouchers upon which it was made, and it involves, in the consideration of the facts thus put in issue, a well recognized branch of the law of equity. In this I think I am not mistaken, and, if correct, this equitable issue must be determined by the court before the action at law developed in the petition could be reached.
As this issue of fraud in this case involves the opening up and recanvassing the guardian’s accounts, and settle *170 ment made by him, the court of common pleas had no-jurisdiction over the subject-matter, because the probate court has by the laws and constitution exclusive jurisdiction thereof.
The majority of the court hold that the issue made by the answer and reply are wholly immaterial. I do not think so.
By express constitutional provision the jurisdiction of the courts of common pleas and the judges thereof shall be fixed by law. Art. 4, see. 4. And it has been held in, 3 O. S. 453, that the court of common pleas “is made capable of receiving jurisdiction in all such cases (civil and criminal) but can exercise none until conferred by law.”
Art. 4, sec. 8 of the constitution provides: “ The probate-court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians . . . and such other jurisdiction. . . . as may be provided by law.” By this provision the probate-court has a fixed constitutional jurisdiction over the settlement of the'accounts of guardians, and is capable in any county of the state of exercising such other jurisdiction as may be conferred upon it by law.
Sec. 1 of the act of April 29, 1854, amends section 5 of an act to amend an act passed March 14, 1853, relating to-the organization of courts of justice and their powers and duties. S. & C. 386, provides: “ The court of common pleas shall have original jurisdiction in all civil cases where-the sum or matter in dispute exceeds the jurisdiction of. justices of the peace; and appellate jurisdiction from . . other inferior courts in the proper county in all civil cases, subject to the regulation provided by law.”
Sec. 2 of the act of March 14, 1853, S. & C. 1212, regulating the powers and duties of probate .courts, passed on the same day the original act conferring jurisdiction in civil and criminal cases on the court of common pleas, was-passed, gives the probate coutt “ exclusive jurisdiction ” in *171 the appointment of guardians of minors and in the settlement of their accounts.
The sense of this act is that where the probate court has exclusive original jurisdiction over a subject-matter, the court of common pleas can have only appellate jurisdiction. “ The office of interpretation is to bring the sense out of the words used and not to bring a sense into them.” Potter’s Dwarris on Statutes and Constitutions, 143.
This is made clear by the amendatory act of 1866, S. & S.. 625, which remained in force until April 12,1871, and provided, “ that appeals may be taken to the court of common pleas from any order, decision, or decree of the probate court in settling the accounts of a guardian.” “Whether courts are interpreting an agreement between parties, a statute, or a constitution, the thing to seek is, the thought which it expresses.” Potter’s Dwarris, 145. The thought which this statute expresses is, that when the probate court settles the accounts of a guardian over which that court has the exclusive original jurisdiction, the order, (decision, or decree made in the probate court, in such settlement, shall be final unless an appeal is taken ; and the further thought is expressed by necessary implication, that the court of common pleas has in such case appellate jurisdiction only. “ That which is implied in a statute is as much a part of it as what is expressed.” Potter’s Dwarris, 145.
Section 31 of the act of July 1, 1858 (S. & C. 677), places the jurisdiction of the issues in this action in the probate court beyond all reasonable doubt. It provides: “ The settlement made in the probate court of the accounts of a guardian shall be final between him and his ward, unless an appeal is taken therefrom to the court of common pleas in the manner provided by law : saving, however, to any such ward the right of opening and reviewing such settlement for fraud or manifest mistake by petition filed, in the form prescribed in the code of civil procedure of this state, in the probate court in which such settlement was made, or the probate court of the county where such guardian may reside when the petition is filed at the option of the plain *172 tiff in such action at any time within two years after the said ward shall arrive at full age.” The section then provides how service of process may be had, and for an appeal to the court of common pleas.
This statute is expressed in clear and precise terms ; the sense of the statute is manifest, and there is no sound reason why its sense and meaning should not be adhered to. Where fraud has intervened at and entered into the guardian’s settlement of his accounts with his ward, the ward may at any time within two years after he or she arrives at full age bring a civil action in the probate court in the county where the account was settled, or in any county in the state where the guardian resides, and if either party is dissatisfied with the decision or decree of the probate court, then an appeal may be had to the court of common pleas. It is clearly implied by this section, and when read in the light of the jurisdictional acts referred to it is clear that original jurisdiction, for fraud in the settlement of the account, is given to the probate court, and appellate jurisdiction only given to the court of common pleas. This is “the thought which it expresses.”
“An action for relief on the ground of fraud ” may be commenced in the court of common pleas at any time within four years after the discovery of the fraud (S. & S. •541). If the court of common pleas may review and open up a guardian’s account for fraud in the settlement, it may do so at any time within four years after the alleged fraud is discovered. In the probate court this can only be done within two years after the ward arrives at full age. In such case there would be two statutes of limitations operating upon the same subject-matter, fraud in the settlement of a guardian’s account and of unequal limitation. This could not have been contemplated. I take it where a special limitation is provided over a special subject-matter, the particular and special case is taken out of the operation of the general limitation. Where the special limitation applies to the subject-matter in one court by express law, the general *173 limitation can not be applied to the same subject-matter in another court.
It is the policy of the law that the accounts and settlements of guardians should remain in the probate court, the court of original jurisdiction. To that end, section 7 of the act of May 1,1854, provides: “ Upon the decision of any cause appealed to the court of common pleas, the clerk of said court shall make out an authenticated transcript of the order, judgment, and proceedings of said court therein, and shall file the same with the probate judge, who shall record the same, and the proceedings thereafter shall be the same as if such order, judgment, and proceedings-had been had in the probate court.”
Should the court of common pleas for fraud take original j urisdiction in opening up and settling’ the accounts of a guardian, its final order and decree must remain in the court of common pleas, since the statute nowhere provides the mode by which such order or decree can reach the probate court. This would, in many cases, result in part of' the guardian’s account remaining of record in one court and part in another. Not only would this he the case, but the court of common pleas would be exercising an original jurisdiction over a matter given by the constitution and laws to another tribunal.
It is thought the voucher for $291.14 included in the account has some fatal effect upon the defendant’s case. How does the court here obtain an inspection of that voucher,. so as to array it against defendant, unless by looking at and considering the account and settlement of the guardian ? And yet the court ignores the settlement as an element in the case. The plaintiff herself, in her testimony, shows the fairness and honesty of the circumstances under-which that voucher was obtained by her guardian. She says, “ he,” meaning her guardian, “ told me there was $300 coming to me, and that, if I would let him have it, he would pay me as much interest for it as any one else would. I think this conversation was before I came of age, and I suppose after he had been up to Cadiz to pre- *174 pare his account for settlement with probate court; I then knew nothing about what was in his hands, but relied on him; I never, after I came of age, had any conversation with father about the amount of my money. In talking ■■about the balance due me, which was after settlement, I suppose, in the probate court, father told me he would keep the money and pay me interest for it, or, as he did not have it then, he would borrow the money and pay me, and I could loan it to whom I pleased.”
lie says he has paid her all but $40.62. She says he has not. Upon this question alone I admit the court of common pleas has jurisdiction. But under the pleadings, it could not be considered until the question of fraud, upon which issue was taken, was settled. Over that question of fraud in this case, the probate court had, by force of the statute, exclusive jurisdiction.
I conclude, the issue in this case, made by the answer and reply on the guardian’s settlement of his accounts and vouchers, was a material issue.
That the issue thus made was fraud or no fraud in the guardian’s account with his ward in the probate court and in subsequent misrepresentations and concealments, so as to prevent plaintiff from commencing her action within two years after she arrived at full age.
That this defense, as the issue was made upon it, involved and constituted a defense in equity, which must be disposed ■of before the action at law, on the petition, could be reached.
That the account and settlement by the guardian in the probate court was final between the guardian and his ward, unless impeached by the ward for fraud or manifest mistake by an action in pursuance of the code of civil procedure, commenced in the probate court within two years after the ward arrived at full age.
That in this case the final settlement was not so questioned or impeached, and was and is final.
That the general statute of limitations for fraud does not apply to an action for fraud in rhe settlement of a guard- *175 can’s account, because a special statute of limitations for fraud in such cases is provided by law.
The court of common pleas, in such case, has appellate jurisdiction only.